IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR108 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| NATHAN D. COX, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's objection, Filing No. 39, to the report and recommendation of the magistrate judge, Filing No. 30. Defendant filed a motion to suppress, Filing No. 14, and the magistrate judge denied the motion. The government charged the defendant in Count I of an indictment with conspiracy to distribute and possess with intent to distribute more than 100 kilograms but less than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 and in Count II with knowingly and intentionally possessing with the intent to distribute more than 100 kilograms but less than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). Filing No. 1.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the report and recommendation to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the objections, relevant law, and the entire record including the transcript of the motion to suppress hearing, Filing No. 32. After reviewing the record and the relevant caselaw, the court determines it will follow the report and recommendation of the magistrate judge in its entirety.

The court adopts the factual findings of the magistrate judge, Filing No. 32 at 40-53, and will only briefly summarize the facts for purposes of this memorandum and order. On or about March 14, 2008, Douglas County Sheriff David J. Wintle noticed the defendant turn on his blinker signaling a right lane change while traveling on Interstate 80 in Omaha, Nebraska. Defendant then immediately made a right lane change. The officer pulled him over for not using his blinker at least 100 feet before making the lane change.[1] As the officer approached the vehicle, he noticed a very strong smell of air freshener. It smelled strong enough that Officer Wintle thought he could taste it. According to Officer Wintle, the smell of air freshener caused him to believe that it was being used to possibly mask the odor of drugs. Officer Wintle asked for identification. The car had Michigan plates, and the defendant provided Officer Wintle with a rental car agreement. The rental agreement contained the name of another person, allegedly the defendant's grandmother. Defendant stated his grandmother signed for the rental car, as he did not have a credit card in his name. Officer Wintle asked the defendant to leave his car. Officer Wintle then wrote the defendant a warning ticket. While doing so, he asked the defendant about his trip and his activities. The defendant stated he was returning to Michigan after doing drywall work.

After giving the defendant a citation, Officer Wintle questioned defendant again about his itinerary. Officer Wintle then asked the defendant if he could search his car. After some discussion, defendant declined. Officer Wintle then used his K-9 dog to sniff the exterior of the car. The K-9 alerted. Other officers had arrived on the scene, and the

---

[1] Officer Wintle admits he performed no objective tests to determine if the 100-foot requirement had been met.

officers opened the car door and smelled the aroma of marijuana. The officers then conducted a search of the car and discovered the marijuana in question in this case.

Defendant contends that no valid ground existed for pulling him over or for the subsequent search, as the officer conducted an improper traffic stop, and the Douglas County Sheriffs had no reasonable articulable suspicion of any criminal activity and acted without probable cause when they searched the interior of the vehicle without a warrant.

The magistrate judge recommends that this court deny the motion to suppress. The magistrate judge found Officer Wintle credible in all his testimony as born out by the DVD of the traffic stop. Ex. 1. However, the magistrate judge noted that the DVD of the traffic stop did not clearly show if or when a signal lane violation occurred. However, the magistrate judge found the testimony of Officer Wintle credible in that regard and noted no conflicting testimony or evidence existed. The magistrate judge concluded, therefore, that Officer Wintle executed a valid stop. The parties argued about whether probable cause existed to search the vehicle and the need for a search warrant. The magistrate judge found these arguments irrelevant based on the fact that Officer Wintle had a right, without a warrant, to utilize the K-9 to sniff the exterior of the car. Further, the magistrate judge determined that once the K-9 alerted, the law permits the officers to search the vehicle without a warrant.

The court has carefully reviewed the facts and conclusions of the magistrate judge and finds them correct in all regards. Accordingly, the court will adopt the report and recommendation of the magistrate judge in its entirety.

IT IS ORDERED:

1. The motion to suppress, Filing No. 14, is denied;

    2.   The objections of the defendant, Filing No. 39, are overruled; and

    3.   The report and recommendation of the magistrate, Filing No. 30, is adopted in its entirety.

DATED this 9th day of December, 2008.

                        BY THE COURT:

                        **s/ Joseph F. Bataillon**
                        Chief District Court